# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2013

Lyle W. Cayce
Clerk

No. 12-60539
Summary Calendar

JUAN BAUTISTA HERNANDEZ-HERNANDEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 963 974

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan Bautista Hernandez-Hernandez, a citizen of El Salvador, petitions this court to review the denial of his application for withholding of removal by the Board of Immigration Appeals (BIA). He challenges the BIA's determination that he failed to establish past persecution or a fear of future persecution on account of membership in a particular social group. According to Hernandez-Hernandez, he is a member of a protected social group comprised of men who have defied forced recruitment by gangs in El Salvador. He objects to the factors

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

used by the BIA to determine whether a group qualifies for protected status, arguing that the social visibility and particularity test is confusing and contrary to Congress's intent.  He urges that the "plain meaning of a group is two or more people categorized together based on a common attribute" and that a particular social group is defined by the social behavior of its members.

To obtain withholding of removal, an applicant must show a clear probability that he will be persecuted upon his return to his home country.  *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004).  "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion."  *Id.* (internal quotation marks and citation omitted).  To establish persecution based on membership in a particular social group, the applicant must show that he is a member "of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences."  *Orellana-Monson v. Holder,* 685 F.3d 511, 518 (5th Cir. 2012).  The BIA considers the following factors to determine "whether a particular social group exists: (1) whether the group's shared characteristic gives the members the requisite *social visibility* to make them readily identifiable in society and (2) whether the group can be defined with sufficient *particularity* to delimit its membership."  *Id.* at 519 (internal quotation marks and citation omitted).

In *Orellana-Monson*, we held that the "particularity and social visibility test established by the BIA is entitled to deference under *Chevron*."  685 F.3d at 521.  We applied the test and determined that men who were recruited but refused to join a Salvadoran gang were not a "particular social group" for asylum and withholding of removal purposes because they lacked the requisite social visibility and particularity.  *Id.* at 521-22. We reach the same conclusion in this case.  The petition for review is DENIED.